**James P. Krauzlis, Esq.**
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FEDERAL INSURANCE COMPANY a/s/o Gunther
International, Ltd.,

      Plaintiff,

  - against –

GRIFFITH TRUCKING, INC., trading as Broadway
Express., and PERFORMANCE
TRANSPORTATION & LOGISTICS LLC,
      Defendants.
-----------------------------------------------------------------x

ECF CASE

Docket No.:

COMPLAINT

Plaintiff, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. All and singular the following premises are true and constitutes a claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 as Plaintiff seeks damages for injury to freight shipped in interstate commerce under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, et seq. Jurisdiction over Defendants is predicated upon 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue in this County is proper in that Defendants Griffith Trucking, Inc., and Performance Transportation & Logistics LLC conduct business within the jurisdiction of this Honorable Court.

## PARTIES

3. At all material times, Plaintiff, FEDERAL INSURANCE COMPANY (hereinafter "FIC" or "Plaintiff") was and is a domestic corporation with its principal place of business located at 15 Mountainview Road, Warren, New Jersey 07059 and was and is the cargo underwriter of a consignment of machinery, as more fully described below.

4. At all material times, Defendant, GRIFFITH TRUCKING, INC., trading as "Broadway Express", (hereinafter "GRIFFITH" or "Defendant") was and is a corporation with an office and place of business located at 1901 W. Evergreen Avenue, Effingham, IL 62401, and at all relevant times was and is a common carrier engaged in the interstate carriage of goods by motor carriage for hire, and conducts a substantial and continuous line of business in the State of New York and within the District of this Honorable Court.

5. At all material times, Defendant, PERFORMANCE TRANSPORTATION & LOGISTICS LLC, (hereinafter "PERFORMANCE" or "Defendant") was and is a corporation with an office and place of business located at 135 White Hollow Road, Northford, CT 06472, and at all relevant times was and is a full service transportation and logistics provider engaged in the interstate carriage of goods by motor carriage for hire, and conducts a substantial and continuous line of business in the State of New York and within the District of this Honorable Court

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7. On or about January 16, 2017, Gunther International, Ltd., (hereinafter "Gunther") contracted with Defendant PERFORMANCE to transport a consignment of machinery consisting of a "high speed mail processing machine" with a value of $299,000.00, from Kent, Washington, to Austin, Texas.

8. On or about January 16, 2017, the aforementioned consignment, then being in good order and condition, was loaded into a trailer that had been provided and arranged by Defendant PERFORMANCE, was secured with straps, and covered with packing material, and was thereupon delivered to and received by Defendant PERFORMANCE and/or its sub-contractors, agents, servants or employees, including Defendant GRIFFITH, for transportation from Kent, Washington, to Austin, Texas, in consideration of an agreed upon freight thereupon paid or agreed to be paid.

9. Defendant PERFORMANCE and/or its subcontractors, including Defendant GRIFFITH, did accept and receive the aforementioned consignment of the high-speed mail processing machine without any remarks, and the trailer departed Kent, Washington, for its intended destination.

10. On or about January 20, 2017, Gunther requested Defendant PERFORMANCE to change the ultimate destination of the consignment and to ship the equipment from Austin, Texas, to Windsor, Connecticut.

11. On or about January 20, 2017, the aforementioned consignment, then still being in apparent good order and condition, having arrived in Austin, Texas, was thereupon arranged by Defendant PERFORMANCE to continue in the interstate transportation of the subject shipment, in accordance with the instructions from Gunther, from Austin, Texas, to Windsor, Connecticut, in consideration of an agreed upon freight thereupon paid or agreed to be paid.

12. Defendants Performance and/or its subcontractors Broadway Express, did accept and receive the aforementioned consignment of the high-speed mail processing machine without any remarks, and the trailer departed Austin, for its intended destination in accordance with the contract of carriage as aforesaid.

13. On or about January 24, 2017, the consignment arrived at and was delivered to the final consignee's facilities in Windsor, Connecticut.

14. Upon delivery at the designated consignee's facilities by the Defendants, the consignee's employees noted the shipment was not secured with straps and covered with packing material, as it was upon departing Kent, Washington, and the subject shipment was found to have sustained various and severe physical damages caused by the movement of the shipment during the course of interstate transit while within Defendants' trailer.

15. It was determined that at the time of delivery of the subject shipment by the Defendants in Windsor, Connecticut, the consignment was not in the same good order and condition as when first tendered to and received by the Defendants, but, to the contrary, had suffered physical damage caused by the movement of the shipment during the course of interstate transit while within Defendants' trailer and while in said Defendants' care, custody and control.

16. The damage to the subject shipment was not the result of any act or omission on the part of the Plaintiff or Gunther but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendants and/or their agents.

17. Due to the physical damage sustained to the subject shipment as a result of the foregoing, the subject shipment was required to be disassembled, damaged parts replaced and the shipment repaired.

18. As a result of the foregoing, Gunther suffered damages, as best can now be estimated, in an amount of no less than $29,247.29.

19. At all times relevant hereto, a contract of insurance for property damage was in effect between Plaintiff FIC and Gunther which provided coverage for, among other things, loss or damage to the consignment.

20. Pursuant to the aforementioned contract of insurance between Plaintiff FIC and Gunther monies have been expended on behalf of Gunther and to the detriment of FIC due to the damages sustained during transit as aforesaid.

21. As Plaintiff FIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendants, Plaintiff FIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendants.

22. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded of the Defendants, which are presently estimated to be no less than $29,247.29.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

23. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. Pursuant to the contract entered into between the parties, Defendants owed a contractual and statutory duty to Plaintiff's assured to carry, bail, keep and care for, protect and

deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

25. The Defendants breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, and protect the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

26. As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $29,247.29.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $29,247.29.

### AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

28. The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. Pursuant to its obligations as a bailee for hire of the subject cargo, the Defendants owed contractual and statutory duties to Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

30. The Defendants breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

31. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $29,247.29.

32. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $29,247.29.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

33. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 32, inclusive, as if herein set forth at length.

34. The Defendants owed a duty to the Plaintiff's assured to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

35. The Defendants breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the subject cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

36. As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $29,247.29.

37. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $29,247.29.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants, jointly and singularly, for the amount of Plaintiff's damages in the amount of at least $29,247.29., together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
January 24, 2019
115-1469

                                        **CASEY & BARNETT, LLC**
                                        *Attorneys for Plaintiff*
                                        By: _____
                                            James P. Krauzlis, Esq.
                                      305 Broadway, Suite 1202
                                      New York, New York 10007
                                      (212) 286-0225